UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN ECHEVARRIA,

                 Plaintiff,

-against-                               23-CV-7670 (LTS)

CHARLES J. TEJADA, Judge of the Court of        ORDER
Claims; LETITIA JAMES, Attorney General of
the State of New York,

                 Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in the Sing Sing Correctional Facility, filed this action *pro se*. In his amended complaint, Plaintiff sought a declaration that his conviction violated the Constitutions of the United States and the State of New York because Defendant Charles Tejada allegedly lacked "a lawful contract" as a New York Supreme Court Justice when he presided over Plaintiff's criminal trial. (ECF 6 at 10.) Plaintiff requested a declaration that Justice Tejada's orders must be "set aside as a matter of law" and denied "full faith and credit." (*Id.* at 14-15.)

      Plaintiff also sued the New York State Attorney General for failing to prosecute Defendant Tejada for "impersonat[ing]" a Justice of the New York Supreme Court. (*Id.* at 96.) On December 13, 2023, the Court dismissed the amended complaint on the grounds that: (1) a claim that affects the fact or duration of confinement must be brought in a petition for a writ of *habeas corpus* – not as a civil rights action; and (2) the New York State Attorney General is absolutely immune from suit for the exercise of her prosecutorial discretion.[1]

---

[1] The Court noted that (1) the dismissal was without prejudice to Plaintiff's raising his challenge to his conviction in a petition for a writ of *habeas corpus*; and (2) that his earlier petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 did not appear to have been

On January 30, 2024, Plaintiff filed a letter and a motion under Rule 60(b) of the Federal Rules of Civil Procedure challenging the dismissal order entered on December 18, 2023. (ECF 10-11.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).[2]

In his motion, Plaintiff argues that the Court: (1) did not reach the merits of his claims; (2) is biased in favor of the late Justice Tejada; (3) overlooked the fact that he sought only declaratory relief, pursuant to 28 U.S.C. § 2201, not damages; and (4) engaged in misconduct in failing to require the New York State Attorney General to file an answer. The Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply.

---

adjudicated on the merits, *Echevarria v. Conway*, No. 07-CV-1870 (KMW) (S.D.N.Y. June 8, 2007) (petition dismissed without prejudice for failure to exhaust state court remedies).

[2] A motion based on Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A party cannot circumvent the one-year limitation applicable to claims under clauses (1) through (3) by invoking the residual clause (6) of Rule 60(b), which does not have a one-year limitations period. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).

On January 30, 2024, Plaintiff filed a letter and a motion under Rule 60(b) of the Federal Rules of Civil Procedure challenging the dismissal order entered on December 18, 2023. (ECF 10-11.) After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).[2]

In his motion, Plaintiff argues that the Court: (1) did not reach the merits of his claims; (2) is biased in favor of the late Justice Tejada; (3) overlooked the fact that he sought only declaratory relief, pursuant to 28 U.S.C. § 2201, not damages; and (4) engaged in misconduct in failing to require the New York State Attorney General to file an answer. The Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply.

---

adjudicated on the merits, *Echevarria v. Conway*, No. 07-CV-1870 (KMW) (S.D.N.Y. June 8, 2007) (petition dismissed without prejudice for failure to exhaust state court remedies).

[2] A motion based on Rule 60(b)(1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). A party cannot circumvent the one-year limitation applicable to claims under clauses (1) through (3) by invoking the residual clause (6) of Rule 60(b), which does not have a one-year limitations period. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).

Moreover, as the Court previously noted, insofar as Plaintiff seeks a declaration that his 2002 conviction is unlawful based on the alleged circumstances of Justice Tejada's appointment, Plaintiff challenges the fact of his confinement, and a petition for a writ of *habeas corpus* is therefore the only potential avenue for relief in federal court. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Dyous v. Psychiatric Sec. Rev. Bd.*, 708 F. App'x 39, 40 (2d Cir. 2018) (summary order) ("Following *Preiser*, a number of circuits have directly held that the Declaratory Judgment Act may not be used as a substitute for a petition for a writ of *habeas corpus*. . . . This result is also mandated by *Wilkinson v. Dotson*."). Therefore, the motion under Rule 60(b)(1) through (5) is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff fails to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion under Rule 60(b) is denied, and the Clerk of Court is directed to terminate the pending motion (ECF 11).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 8, 2024
         New York, New York

                                 /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                               Chief United States District Judge